992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
STATE OF COLORADO; City and County of Denver, Respondents-Appellees.
 No. 92-1206.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 Before McKAY, Chief Judge, and SEYMOUR and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the district court's dismissal of his petition for declaratory and injunctive relief. He sought a declaration that certain "practices and procedures" of the Denver, Colorado, police and the state district court are unconstitutional, that he was being denied a speedy trial, and that several state statutes are constitutional. At the time this action was filed, plaintiff was awaiting trial on charges of sexual assault, criminal extortion, and being an habitual offender. He has since been tried, convicted, and sentenced to life imprisonment.
 
 The following issues are raised on appeal:
 
 3
 1. "U.S. Magistrate O. Edward Schlatter lied in his report."
 
 
 4
 By this statement Mr. Green challenges the magistrate judge's statement that Mr. Green "does not allege that he has presented any of the claims to the Colorado courts," insisting that he presented his claims by way of petitions for writ of habeas corpus filed in both the state trial court and the state supreme court.
 
 
 5
 2. "The State Court Rtemedies [sic] have been exhausted."
 
 
 6
 Mr. Green here argues that because he presented his constitutionality claims to the state supreme court by way of an original petition for writ of habeas corpus, he has exhausted state remedies.
 
 
 7
 3. "The district court has erred in refusing to issue show cause order."
 
 
 8
 Mr. Green contends that contrary to the magistrate judge's report and recommendation, he has not asked the federal court to intervene in state court proceedings.
 
 
 9
 4. "The U.S. District Court is applying the law in contradictory manner."
 
 
 10
 Here, Mr. Green complains that in another of his cases, No. 92-N-602, a show cause order was issued, but that in this case one was not. He claims this alleged inconsistency "violates the 'fundamental fairness' principle of the due process clause of the Fifth Amendment."
 
 
 11
 As to the first issue, the record reflects that in his "Motion for Immediate Court Evidentiary hearing," Mr. Green stated that he had submitted petitions for writ of habeas corpus to both the state trial court and the state supreme court. The only documentary evidence in support of this claim in the record is a copy of a letter written to another magistrate judge stating that the state court had denied his habeas petitions and a copy of an order of the state supreme court denying the petition filed in that court.
 
 
 12
 That the magistrate judge may have incorrectly concluded that Mr. Green had not presented his claims to the state courts is irrelevant. This action was dismissed not for lack of exhaustion but because the rulings Mr. Green sought would have required improper interference with ongoing state criminal proceedings. Accordingly, and specifically without deciding whether Mr. Green has in fact exhausted state remedies, we conclude that the first two issues are without legal merit.
 
 
 13
 Mr. Green contends in issue number three that he did not request the district court to interfere with the state criminal proceedings but merely that certain state statutes and police and court practices be declared unconstitutional.[1]
 
 
 14
 In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court held that it was improper for a federal court to enjoin ongoing state criminal proceedings absent irreparable injury that is both great and immediate. Because the injury Harris faced was "solely 'that incidental to every criminal proceeding brought lawfully and in good faith,' ... he is not entitled to equitable relief 'even if such statutes are unconstitutional.' " Id. at 49 (citations omitted). The Court further held, in light of Samuels v. Mackell, 401 U.S. 66 (1971), that "declaratory relief is also improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated." Younger v. Harris, 401 U.S. at 41 n. 2. Thus the district court properly grounded its dismissal of this action on the "fundamental policy against federal interference with state criminal prosecutions." Id. at 46.
 
 
 15
 Finally, because Mr. Green was clearly not entitled to relief, the district court's failure to issue an order to show cause was not improper.
 
 
 16
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although he makes much of this supposed distinction, we note that the petition is entitled "Petition for Declaratory and Injunctive Relief for Violation of U.S. Constitution" and that he specifically asked that the district court "issue declaratory and injunctive relief against the state of Colorado and the City and County of Denver" for these alleged violations